UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REGINA LEWIS,<br><br>                    Plaintiff,<br><br>-against-<br><br>HEALY KIA; VINCE'S AUTO BODY WORKS MILFORD CHRYSLER; HUDSON VALLEY CHRYSLER DODGE JEEP RAM NEWBURGH; RICK'S AUTOMOTIVE,<br><br>                    Defendants. | 24-CV-4504 (LTS)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting that Defendants violated her rights with respect to the safety of a vehicle she was driving. By order dated September 24, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] In the same order, the Court granted Plaintiff leave to file this action. *See Lewis v. Wolfe*, ECF 1:21-CV-6949, 7 (S.D.N.Y. Nov. 16, 2021) (Plaintiff is barred from filing any civil action in this court IFP without first obtaining leave of the court to file).

For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff filed the complaint without the filing fees or an IFP application. By order dated June 27, 2024, the Court directed Plaintiff to cure this deficiency. (ECF 3.) Plaintiff filed an IFP application on July 15, 2024.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Regina Lewis brings this action against (1) Healy Kia, of Newburgh, New York; (2) Vince's Auto Body Works, of Poughkeepsie, New York; (3) Milford Chrysler, of Milford, Pennsylvania; (4) Hudson Valley Chrysler Dodge Jeep, of Newburgh, New York; and (5) Rick's

Automotive, also of Newburgh, New York. Plaintiff does not state the jurisdictional basis of her claims.

The following allegations are taken from the complaint. On January 11, 2023, at a parking garage in Dutchess County, New York, while Plaintiff was driving a Jeep Grand Cherokee Laredo, the vehicle in front of her slowed to get a parking ticket. Plaintiff put her foot on the brake, but her vehicle "accelerated and rear ended the vehicle in front of" her. (ECF 1, at 1.) Plaintiff's "steering rack broke," and her vehicle "jumped the curb and slammed into a large cement [and] steel pillar." (*Id.*) She maintains that she "had no control of the vehicle" and that it "continued to accelerate[]" after she exited the vehicle. (*Id.*) The vehicle was towed to Defendant Vince's Auto Body Shop, where it appears to have been repaired.

On January 7, 2023, four days before the accident, the vehicle was serviced by Defendant Ricks Automotive, where it "passed inspection." (*Id.*) The vehicle was also previously serviced by Defendant Hudson Valley Chrysler Dodge Jeep RAM on eight separate occasions throughout 2021 and 2022. Plaintiff alleges that the vehicle previous passed these various inspections "in spite of the obvious missing Vent Tube, damaged fuses preventing accurate diagnos[is,] leaking fluid lines, and over 70 pages of Recalls and defect information." (*Id.*)

The vehicle Plaintiff was driving was built on October 15, 2019, and shipped to Defendant Milford Chrysler Sales in Milford, Pennsylvania. On or around August 25, 2020, Milford Chrysler sold the sold the vehicle to an individual named John Owens.[2] Plaintiff maintains that Milford Chrysler sold the vehicle to Owens even though it knew of the defects.

---

[2] It is unclear from the complaint whether Plaintiff ever purchased the vehicle or whether she or Owens is the current owner.

Plaintiff asserts that each of the defendants "failed to maintain the vehicle" and "serviced the vehicle and passed the vehicle when in reality the vehicle has never passed inspect[ion]." (*Id.* at 3.) She appears to assert state law claims for fraud and claims under Pennsylvania's "Automobile Lemon Law." (*Id.* at 2.)

Plaintiff alleges that she underwent surgery on March 28, 2024, although she does not state if or how the surgery or her injuries were the result of Defendants' actions or inactions.

Plaintiff seeks an unspecified amount of money damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that

4

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff does not invoke the Court's federal question jurisdiction, and the complaint, construed liberally, does not allege facts suggesting any viable claim arising under federal law. Plaintiff's allegations instead suggest that she is attempting to assert state law claims for fraud, negligence, and products liability. The Court therefore lacks federal question jurisdiction of Plaintiff's claims.

While Plaintiff appears to be attempting to assert state law claims under the Court's diversity of citizenship jurisdiction, she does not allege facts demonstrating that the Court has diversity jurisdiction of her claims. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has h[er] true fixed home and principal establishment, and to which, whenever [s]he is absent, [s]he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted).

To establish diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff provides a Poughkeepsie, New York, address for herself. She provides only service addresses for Defendants. She provides a Milford, Pennsylvania service address for Milford Chrysler, but she provides New York service addresses for Healy Kia, Vince's Auto Body Works, Hudson Valley Chrysler Dodge Jeep, and Rick's Automotive. Plaintiff does not allege the states in which any of the corporate defendants are incorporated. Based on the information provided, it appears that Plaintiff and most of the defendants are citizens of the State of New York. Because Plaintiff has not alleged facts demonstrating that the parties are diverse, the Court lacks diversity jurisdiction of Plaintiff's claims.[3]

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

---

[3] Plaintiff does not specify the amount of money damages she seeks, and it is unclear from her allegations whether her claims are worth more than $75,000 jurisdictional minimum. If Plaintiff files an amended complaint, she must allege facts demonstrating that her claims are worth more than $75,000.

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to file an amended complaint alleging facts demonstrating that the Court has diversity of citizenship jurisdiction of her claims.

Generally, a district court must grant a plaintiff an opportunity "'to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship.'" *Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (summary order) (quoting *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)). Here, Plaintiff provides only service addresses for Defendants. While it appears that four of the five Defendants may be, like Plaintiff, citizens of the State of New York, Plaintiff may be able to allege facts demonstrating that Defendant Milford Chrysler is a diverse party. If Plaintiff has facts demonstrating that Milford Chrysler is a citizen of a state other than the State of New York, she may file an amended complaint dropping the nondiverse defendants and naming Milford Chrysler as the sole defendant. If Plaintiff files an amended complaint, she must also allege facts demonstrating that her claims exceed the $75,000 minimum jurisdictional minimum.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, which was filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 25, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                         Chief United States District Judge